IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| TIMOTHY STRAETEN, Register No. 516953, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-4018-CV-C-NKL |
| | ) | |
| POTOSI CORRECTIONAL CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiff Timothy Straeten, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Plaintiff names as defendants numerous Missouri Department of Corrections personnel.

Plaintiff claims that on March 15, May 10 and in August or September 2007, while incarcerated at Potosi Correctional Center (PCC), he was attacked by guards, injuring his ankle, ribs, back and wrist. Plaintiff further claims he was transferred to Jefferson City Correctional Center (JCCC) on January 3, 2008, and was assaulted in March 2008 by JCCC "staff/offenders" and threatened with death if he filed grievances; that on July 1, 2008, he was assaulted by "staff/offenders"; and in November and/or December 2008, he was assaulted by staff at JCCC.

Plaintiff has requested leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). Pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a).

---

[1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff's claims regarding events that occurred at PCC should be denied, without prejudice to refiling in the United States District Court for the Eastern District of Missouri, where jurisdiction is proper.

Plaintiff claims regarding his lost property should be dismissed. Plaintiff, in essence, alleges state employees violated his due process rights under the Fourteenth Amendment when they took his property. Generally, if a state provides adequate remedies to compensate individuals for wrongful property loss, there is no absence of due process. See Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional and negligent deprivations of property not actionable under section 1983 if suitable state remedy); Parratt v. Taylor, 451 U.S. 527, 542 (1981).

Missouri provides adequate remedies to redress property damages. Orebaugh v. Caspari, 910 F.2d 526, 527 (8th Cir. 1990). Plaintiffs can sue in circuit court for replevin under Mo. S. Ct. R. 99.01 to 99.15, or they can bring a common-law claim for conversion. Hardesty v. Mr. Cribbin's Old House, Inc., 679 S.W.2d 343, 347 (Mo. App. 1984). See also Knight v. M.H. Siegfried Real Estate, Inc., 647 S.W.2d 811, 814 (Mo. App. 1982). Plaintiffs also can recover for losses caused by the tortious acts of state employees, acting in their ministerial capacities. See Harris v. Munoz, 43 S.W.3d 384 (Mo. App. 2001); Jungerman v. City of Raytown, 925 S.W.2d 202 (Mo. Banc 1996); Jackson v. Wilson, 581 S.W.2d 39, 42-43 (Mo. App. 1979); Mo. Ann. Stat. § 105.711 (Supp. 2007).

Plaintiffs who lack funds may seek to file and prosecute their claims as poor persons under Mo. Ann. Stat. § 514.040 (West 2002). This statute gives state judges the discretion to waive costs and fees for indigent parties. Thus, plaintiff may be able to obtain relief in state court even if he lacks funds.

Plaintiff's claims regarding an alleged false conduct violation and resulting administrative segregation assignment should also be dismissed. To establish a Fourteenth Amendment due process violation, plaintiff must first demonstrate that he was deprived of life, liberty or property by governmental action. Phillips v. Norris, 320 F.3d 844, 846 (2003) (citing Singleton v. Cecil,

2

155 F.3d 983, 987 (8th Cir. 1998); Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997)).  In the instant case, plaintiff does not allege that he was deprived of life or property; therefore, he must identify a liberty interest in order to sustain his due process claim.  Phillips, 320 F.3d at 847.  The Supreme Court in Sandin v. Connor, 515 U.S. 472 (1995), laid out the test for determining liberty interests in a prison setting.  Id.  States may, under certain circumstances, create liberty interests protected by the Due Process Clause; however, these interests are generally related to freedom from restraint, which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Id.  There is no federal constitutional liberty interest in having state officers follow state law, or prison officials follow prison regulations.  Id. (citing Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996)).  Thus, any liberty interest plaintiff has must be in the nature of his confinement, and not in the procedures used to determine his confinement.  Id.  In applying this to plaintiff's allegations that he was falsely issued a conduct violation and procedure was not followed with regard to the issuance of the conduct violation against him, these claims fail to identify a liberty interest protected by Fourteenth Amendment due process.  Plaintiff's claims of denial of due process should be dismissed for failure to state a claim.

       Plaintiff's generalized allegation of harassment against JCCC defendants without any further details fails to state a claim.  These allegations are insufficient to give defendants fair notice of the claim and should be dismissed.  Conley v. Gibson, 355 U.S. 41, 47 (1957); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007).

       Finally, although the allegations of assault or excessive use of force can state a claim for relief under section 1983, plaintiff's allegations of assault by JCCC "staff/offenders" is insufficient to state a claim.  Plaintiff must specifically identify each defendant and his or her specific alleged assault in order for such claims to proceed.  Here, plaintiff has failed to provide or allege the names of the defendants and the specific assaults.  These claims should be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A and the Federal Rules of Civil Procedure requiring plaintiff to provide a short, plain statement of his claim showing the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  If plaintiff can identify each defendant and

3

Case 2:09-cv-04018-NKL   Document 12   Filed 05/07/09   Page 3 of 5

the specific alleged actions of that defendant and at least the approximate date of the assault/excessive use-of-force claims, the court will reconsider dismissal.

Similarly, plaintiff's motion for leave to amend seeking to add an extensive list of defendants to the docket sheet without any corresponding allegations against them individually, should be denied. The motion is frivolous and futile.

Plaintiff also filed a motion for appointment of counsel under 28 U.S.C. § 1915, which authorizes the court to request an attorney to represent an individual who is unable to afford counsel. It is the practice of this court to grant provisional leave to proceed in forma pauperis to individuals who qualify on the basis of indigence, even though the case may be subject to dismissal under 28 U.S.C. §§ 1915 or 1915A on other grounds. It is the general practice of this court to deny requests for appointment of counsel in the very early stages of the proceedings before an answer has been filed, or when it appears that dismissal may be warranted because the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. §§ 1915 or 1915A. Accordingly, it is

ORDERED that plaintiff's motion for appointment of counsel is denied, without prejudice. It is further

RECOMMENDED that plaintiff's claims be dismissed, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 7th day of May, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

5